UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21333-BLOOM/Otazo-Reyes

LEADING EDGE MARKETING, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**ORDER GRANTING**
**MOTION FOR ALTERNATIVE SERVICE**

**THIS CAUSE** is before the Court upon Plaintiff Leading Edge Marketing, Inc.'s *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants, ECF No. [8] ("Motion"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons stated below, Plaintiff's Motion is granted.

Plaintiff seeks an order granting alternative service of process on Defendants Individuals, Partnerships, and Unincorporated Associations Identified in Schedule "A" to the Complaint (collectively, "Defendants"), ECF No. [10-1], who reside in or operate from the People's Republic of China ("China"), or other foreign countries and have established Internet-based businesses and utilize electronic means as reliable forms of contact. *See* ECF No. [8] at 13; ECF No. [8-1] ¶¶ 11-14. Therefore, Plaintiff seeks to serve Defendants by both e-mail and by website posting.

Rule 4(h)(2) of the Federal Rules of Civil Procedure describes the various ways in which a plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited

by international agreement, as the court orders." Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted here. First, the Hague Convention does not specifically preclude service via e-mail and website posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Second, Defendants use at least one known and valid form of electronic contact to conduct

their Internet-based businesses, and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants, the address to which will be provided to Defendants' known e-mail accounts and onsite contact forms. Therefore, service via e-mail and through posting on a designated website is "reasonably calculated, under all circumstances, to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [8]**, is **GRANTED**;

2. Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summons, Complaint, and all filings in this matter upon each Defendant in this action:

    a. via e-mail by providing the address to Plaintiff's designated website to Defendants via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact forms, or by the e-commerce marketplace platform for each of the e-commerce stores; and

    b. by publicly posting a copy of the summonses, complaint, and all filings in this matter on Plaintiff's designated website appearing at www.sriplaw.com/notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 12, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record