UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21333-BLOOM/Otazo-Reyes

LEADING EDGE MARKETING, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## ORDER GRANTING MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff LEADING EDGE MARKETING, INC.'s ("Leading Edge") Motion for Entry of Final Default Judgment, ECF No. [148] ("Motion"), filed on July 7, 2023. A Clerk's Default was entered against Defendants listed in Schedule "A" to the Complaint as 1 to 21, 23 to 43, 46 to 79, 81 to 105, 107,109, 110 to 118, 120 to 126, 128 to 146, 148 to 173, 180 to 201, 203, 205 to 207, 209, 210, 212 to 239, 241 to 276, 278 to 280, 282 to 294, 296 to 339, 341 to 379, 381, 382, 384, 386, 388 to 395, 397 to 663, 666, 668, 678, 681 to 683, 685 to 6876, 690, 695, 705, 722, 724, 728, 730, 732, 740, 743, 746, 747, 749 to 751, 754 to 761, 764, 767, 772, 773, 778, 781 to 784, 795, 802, 803, 808, 810, 816, 820, 822, 823, 826 to 827, 841, 843, 853, 854, 858, 859, 864, 866 to 867, 870, 874, 877 to 879, 881, 883, 884, 889 to 892, 894 to 897, 902, 904, 905, 910, 917 to 919, 928, 935, 937, 943, 945, 947, 949, 952, 955, 957 to 960, 962, 967, 971, 977, 980, 987, 991, 994, 997 to 100, 1003, 1004, and 1008 to 1013, 1015 to 106, 1018 to 121, 1023 to 1025, and 1027 to 1038 (collectively, "Defaulting Defendants").[1] ECF Nos. [124], [136],

---

[1] Since the Motion for Entry of Clerk's Default, Plaintiff dismissed or filed a notice of settlement as to:
a.    Defendant numbered 45 on June 15, 2023. ECF No. [121];

and [147]. Defaulting Defendants failed to appear, answer, or otherwise plead to the Complaint despite having been served. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted.

I. **BACKGROUND**

Plaintiff sued Defendants for trademark counterfeiting and infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law unfair competition; and common law trademark infringement. *See* ECF No. [1],

The Complaint alleges that Plaintiff is the owner of all rights in and to the PROEXTENDER Mark, U.S. Reg. No. 3,206,305 for "Adult Sexual Aids, Namely Penis Extenders" in International Class 10 registered February 6, 2007, which is valid and registered on the Principal Register of the United States Patent and Trademark Office (the "PROEXTENDER Mark"). *Id*. ¶ 20. The Complaint further alleges that Defaulting Defendants are promoting,

---

b.   Defendants numbered 127, 674, 684, 704, 707, 710, 711, 714, 723, 735, 752, 763, 792, 811, 813, 819, 830, 831, 869, 882, 885, 925, 926, 973, 975, 978, 979, 983, 985, 988 on June 23, 2023. ECF No. [125];
c.   Defendants numbered 240, 277, 295, 665, 669, 671, 703, 712, 715, 716, 717, 718, 725, 729, 731, 733, 742, 745, 748, 766, 769, 771, 793, 797, 799, 800, 801, 804, 806, 809, 812, 817, 824, 829, 835, 860, 861, 862, 863, 876, 898, 909, 921, 923, 929, 932, 936, 938, 946, 956, 963, 965, 966, 970, 974, 982, 986, 989, 990, 992, 993, and 995 on June 23, 2023. ECF No. [126];
d.   Defendants numbered 106 and 664 on June 23, 2023. ECF No. [127];
e.   Defendants numbered 664, 720, 738, 753, 834, 850, 865, 873, 880, and 915 on June 27, 2023. ECF No. [130];
f.   Defendants numbered 385, 780, 789, 790, 920 and 924 on June 29, 2023. ECF No. [133];
g.   Defendants numbered 768, 770, 774, 775, 807, 972, and 984 on July 6, 2023. ECF No. [140];
h.   Defendants numbered 22, 44, 80, 108, 119, 147, 174, 175, 176, 177, 179, 1001, 1002, 1005, and 1006 on July 6, 2023. ECF No. [141];
i.   Defendant numbered 178, on July 7, 2023. ECF No. [146];
j.   Defendants numbered 736, 828, and 887, on July 11, 2023. ECF No. [151];
k.   Defendants numbered 667, 670, 672, 673, 680, 687, 691, 692, 696, 708, 713, 721, 734, 741, 744, 833, 844, 845, 846, 847, 868, 875, 893, 913, 1014, 1017, 1022, and 1026, on July 17, 2023. ECF No. [155];
l.   Defendants numbered 45, 202, 204, 208, 281, and 394, on August 1, 2023. ECF No. [166]; and
m.   Defendant numbered 1007. ECF No. [168].

advertising, distributing, selling, and/or offering for sale cheap copies ("Counterfeit Products") of plaintiff's products in interstate commerce that are counterfeits and infringements of plaintiff's intellectual property rights to the PROEXTENDER Mark within the Southern District of Florida by operating the Defendants' Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" attached to Plaintiff's Motion for Entry of Final Default Judgment (the "Seller IDs"). *Id.* ¶¶ 85, 90, 92, 98. Plaintiff further alleged that Defaulting Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the PROEXTENDER Mark. *Id.* ¶ 112.

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have 1) deprived Plaintiff of its right to determine the manner in which its trademarks are presented to consumers; (2) defrauded consumers into thinking Defendants' illicit copies of Plaintiff's goods are authorized by Plaintiff; (3) deceived the public as to Plaintiff's sponsorship of and/or association with Defendants' Counterfeit Products and the websites on online storefronts through which such products are sold, offered for sale, marketed, advertised, and distributed; (4) wrongfully traded and capitalized on Plaintiff's reputation and goodwill and the commercial value of the Plaintiff's trademarks; and (5) wrongfully damaged Plaintiff's ability to market its branded products and educate consumers about its brand via the Internet in a free and fair marketplace. *Id.* ¶¶ 97, 99, 102

In its Motion, Plaintiff seeks the entry of default final judgment against Defaulting Defendants in an action alleging trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. *See generally* ECF No. [148]. Plaintiff further requests that the Court enjoin Defendants' unlawful use of Plaintiff's trademark and award Plaintiff damages, attorneys' fees, and costs. *Id*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

If the complaint states a claim, the Court must then determine the amount of damages and, if necessary, "may conduct hearings . . . [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, where all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) ("Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." (citation omitted)).

## III.   ANALYSIS

### A.   Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114) (Count I)

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any

reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on its trademark infringement claim under Section 32 of the Lanham Act, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiff's trademark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.,* 106 F.3d 355, 360 (11th Cir. 1997)).

### B. False Designation of Origin Pursuant to § 43(A) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II)

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' services by Plaintiff. See 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992).

### C. Common Law Unfair Competition and Trademark Infringement (Counts III and IV)

Whether a defendant's use of a Plaintiff's trademarks created a likelihood of confusion between the Plaintiff's and the defendant's services or goods is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987) ("The appropriate test for determining whether

there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983.)"*.); see also Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.,* 510 F.2d 1004, 1010 (5th Cir. 1975) ("As a general rule . . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

The analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004).

**B.  Liability**

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for each of the claims described above. *See* ECF No. [1]. Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

**C.  Injunctive Relief**

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. See 15 U.S.C. § 1116(a). "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad,* 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available*. See*

*e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. See *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("(D)efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiffs have carried their burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendants are not permanently enjoined. ECF No. [1] ¶ 108. Further, the Complaint alleges, the unauthorized Counterfeit Products sold, offered for sale, marketed, advertised, and distributed by Defendants are virtually identical to Plaintiff's genuine products, and consumers viewing Defendants' Counterfeit Products would actually confuse them for Plaintiff's genuine products. *Id.* ¶¶ 125, 127.

Plaintiff has no adequate remedy at law so long as Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of what appears to be its products in the

marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing and counterfeiting and infringing actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademarks, which is an illegal act.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' Counterfeit Products. *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("(A)n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . (t)he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defaulting Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defaulting Defendants will be free to continue infringing Plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Therefore, the Court will enter a permanent injunction ordering all listings and associated images of goods bearing counterfeits and/or

infringements of plaintiff's PROEXTENDER Mark be permanently removed from Defendants' internet stores by the applicable internet marketplace platforms, and all infringing goods in Defendants' inventories in the possession of the applicable internet marketplace platforms destroyed.

### D. Statutory Damages for the Use of Counterfeit Marks

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of products, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 or more than $200,000.00 per counterfeit mark per type of good or service. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good or service. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff has elected to recover an award of statutory damages as to Count I of the Complaint.

The Court has wide discretion to determine the amount of statutory damages. See *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 U.S. Dist. LEXIS 56475, at *22-*23 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent."); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.,* No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Indeed,

Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); see also *PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment in regards to damages pursuant to Fed. R. Civ. P. 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing).

Here, the allegations in the Complaint, which are taken as true, establish that Defaulting Defendants intentionally copied the PROEXTENDER Mark for the purpose of deriving the benefit of Plaintiff's goodwill and reputation embodied in the mark.

The evidence in this case demonstrates that Defaulting Defendants promoted, advertised, distributed, sold, and/or offered for sale products bearing marks which were in fact counterfeits of the PROEXTENDER Mark. *See* ECF No. [1] ¶ 90. Based on the above considerations, the Court awards statutory damages of $100,000.00 against each Defaulting Defendant. The award should be sufficient to deter Defaulting Defendants and others from continuing to counterfeit or otherwise

infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defaulting Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.

>   E.   **Damages for False Designation of Origin, Common Law Unfair Competition and Trademark Infringement**

Plaintiff's Complaint also sets forth a cause of action for false designation of origin pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II), common law of unfair competition (Count III), and common law trademark infringement (Count IV). As to Counts II, III, and IV, the allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(c). Accordingly, judgment on Counts II, III, and IV should be limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

>   F.   **Attorneys' Fees and Costs**

Plaintiff seeks an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 284 and 15 U.S.C. §§ 1117(a). Courts routinely award attorneys' fees and costs upon a finding of willful infringement under the Lanham Act. *Volkswagen Group of Am., Inc. v. Varona*, No. 19-24838-CIV, 2021 WL 1997573, at *17 (S.D. Fla. May 18, 2021). Attorneys' fees are available under § 1117(a) in exceptional cases even for those plaintiffs who opt to receive statutory damages under section 1117(c). See *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 104–11 (2d Cir. 2012). The Lanham Act provides that a court may award attorneys' fees "in exceptional cases." 15 U.S.C. § 1117(a). Meanwhile, Section 1117(b), which applies to the use of counterfeit marks, requires the court to award reasonable attorneys' fees. An award of fees is appropriate under any of these statutes.

Plaintiff has established that Defendants acted willfully in their infringement of the PROEXTENDER Mark. Defendants failed to respond or otherwise act, leading to unjustified

delays and increased costs and fees. *See Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 131 (S.D. Fla. 2003). An award of attorneys' fees and costs will serve the important functions of deterring future infringements, penalizing Defendants for their unlawful conduct, and compensating Plaintiff for their fees and costs. *Id.*

Plaintiff requests the Court award one-half (1/2) of the total attorneys' fees incurred to date in this case, for a total of $18,438.75 plus court costs of $402.00. The Court determines that the hourly rates for Plaintiff's counsel are reasonable as established by the Declaration of Joel Rothman. ECF No. [148-2]. The amount and rates are also reasonable for the work performed as compared to other similar litigation.

The allegations in the Complaint establish that Defendants are causing and "contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods," and that they are causing "concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the PROEXTENDER Mark, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers via the Internet." ECF No. [1] ¶¶ 96-97. The Court finds these allegations sufficient to assess plaintiff's attorneys' fees and costs against defendants jointly and severally. *See Stanley Black & Decker, Inc. v. D&L Elite Invs., LLC*, No. C 12-04516 SC (LB), 2014 WL 3738327, at *20 (N.D. Cal. June 20, 2014), *report and recommendation adopted*, No. 12-CV-04516-SC, 2014 WL 3728517 (N.D. Cal. July 28, 2014) (entering attorney's fee award against defendants jointly and severally).

Case No. 23-cv-21333-BLOOM/Otazo-Reyes

For the foregoing reasons, the Court finds that Plaintiff Leading Edge, as the prevailing party, is entitled to reasonable attorneys' fees and costs in the amount of $18,840.75.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion**, ECF No. [148]**, is **GRANTED** with respect to Defaulting Defendants. Final Default Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 11, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record